#### HARRIS v. SIMS *ET AL.*

(109 S. E. 411)

PHYSCIANS AND SURGEONS—DENTISTS MAY ADVERTISE PAINLESS EXTRACTION OF TEETH.—An advertisement reading, "Take out teeth absolutely painless," is not a violation of Acts 1915, p. 218, providing for revocation of license of dentist who advertises "to practice dentistry without pain," since teeth may be extracted without pain, and this is not negatived by fact that pain may follow the operation.

Writ of certiorari by J. E. Harris to review the findings of B. F. Sims and others as the State Board of Dental Examiners, revoking his license as a dentist. From order dismissing petition Harris, the petitioner, appeals.

*Messrs. Moffatt & Marion* and *Benet, Shand & Mc-Gowan,* for appellant, cite: *Prosecution brought under 29 Stat. 218; Act in violation of 14th Amend., Const. U. S. and Art. I, Sec. 5, Const. S. C., 1895:* 141 Pac., 132; 51 L. R. A. (N. S.) 958; 127 U S., 678; 32 L. Ed., 253; 49 L. R. A., 181; 1 Tied. Police Power, Sec. 3; 1 Cranch,

1—S. C. 118

137; 17 N. E., 786; 114 Pac., 962; L. R. A., 1915A, 691; 95 N. E., 995; 19 Pac., 237; 3 L. R. A. (N. S.) 896; 25 App. Cas., 443 (D. C.); 161 S. W. 1169; 54 L. R. A. 415; 47 L. R. A. (N. S.) 1063; 162 S. W. 796. *Cases cited by Circuit Judge not in point*: 242 U. S., 344; 129 U. S., 114; 82 S. C., 231; 111 S. C., 213; 48 Atl., 803 (R. I.); 114 Pac., 962; 27 Cal. App., 79; 68 Fla., 4; 228 Mo., 25.

*Mr. Samuel M. Wolfe, Attorney General*, for respondents, cites: *Court will not interfere with finding of Board unless shown to be arbitrary or capricious*: 89 S. C., 472; *or wholly unsupported by evidence*: 97 S. C., 484; 86 S. C., 451; 52 S. C., 298; 79 S. C., 246; 11 C. J., 120; 24 S. C., 507; 24 S. C., 363; 36 S C., L. 29; 20 S. C., 367; 11 C. J., 198, 194. *Grounds for revocation of license in general terms does not invalidate statute*: 114 Pac., 962, L. R. A. 1915A, 691; 95 N. E., 995; 78 N. E., 228; 117 N. W. 1116; 1 L. R. A. (N. S.) 811; 43 L. R. A. (N. S.) 911; 129 Pac., 1128; 108 N. W., 720; 9 Ann. Cas., 125; 26 N. W., 123; 123 N. W., 1074; 128 S. W. 196; 119 N. W., 17; 10 Wend., 449; 48 Atl., 802; 135 S. W., 631; 158 Pac., 982; 159 Pac., 769; 159 Pac., 801; 109 N. W., 522.

November 17, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

Of the many grounds upon which the State Board revoked the petitioner's license to practice dentistry, the only one sustained by the Circuit Judge was the fact that the petitioner advertised his ability to extract teeth without pain. This the Circuit Judge held was a violation of the statute (Acts 1915, p. 218), which in effect prohibits an advertisement "To practice dentistry without pain." The correctness of his conclusion upon this point is practically the only issue in this appeal.

The practice of dentistry includes numerous separate and distinct branches and ·operations. Some of the branches are conducted without pain, and some of the operations in a branch that is fraught with pain may be performed without pain. To lay claim "to practice dentistry without pain" is universally inclusive in its character, embracing all branches and all operations, and comes within the inhibition of the statute. To profess to conduct a certain branch of dentistry, or a certain operation in a branch without pain, is not only not within the inhibition of the statute, but is susceptible of absolute demonstration as a fact. It may not be a matter of which the Court may take judicial cognizance, but it is a fact which a judicial utterance cannot make otherwise, that in the advance of the science the process of extracting teeth is daily accomplished without pain or consciousness of the fact. The fact that pain may follow the operation does not at all negative the fact that the extraction was painless.

The judgment in my opinion should be reversed.

. MR. JUSTICE WATTS concurs.

MR. ACTING ASSOCIATE JUSTICE PURDY (concurring): The board of dental examiners revoked the license of the petitioner. On appeal to the Circuit Court his Honor, Judge Townsend, affirmed their act .and the petitioner appealed to this Court. The question on appeal has narrowed down to the inquiry as to whether advertising to practice dentistry without pain is in violation of the statute, and is a sufficient cause to sustain a revocation of the license.

It will be noted that the prohibition is not against the use of narcotics or drugs which would prevent pain in extracting teeth, but the prohibition is against advertising that teeth may be painlessly extracted, so that, for the purpose of construing this Act, it is not unlawful to use the means which would bring about such result. The title of the Act is:

"An Act to regulate the practice of dentistry in South Carolina and to provide for the revocation of the licenses of dentists in certain cases."

Throughout the body of the Act, with the exception of the clause, "or advertising to practice dentistry without pain," practically every clause is preceded or followed by a statement showing that there must be fraud in the doing of the act prohibited. The clause quoted, and now particularly before the Court, stands alone.

The argument of the case before the Court and the idea conveyed by the decree of his Honor, Judge Townsend, both tend to give the construction to the Act that there must be some element of fraud in the act complained of, or that the act must be done with intent to deceive the public, and I think that this is the proper construction to give it. If this construction be taken away from the Act, and if this construction be not intended in the clause cited and now being construed, then the case would assume a more serious aspect as touching the constitutionality of the Act in this respect. It is an Act to regulate the practice of dentistry. It cannot be denied that this is within the purview of the Legislature. The Legislature has the power to classify all persons engaged in a like calling or undertaking, and to declare that they shall be subject to certain rules and regulations operating upon that class. But, as has been well said by the counsel for the appellant in the argument before the Court, while admitting the power to regulate, the Legislature has not the power, under the guise of regulating, "to impair the fundamentals of life, liberty, and property."

To prohibit advertising to practice dentistry without pain where it is an admitted fact that such can be done would be beyond the power of the Legislature, if we eliminate from it the element of fraud or deceit. I prefer, however, not to base my judgment upon this ground, but upon the ground that the Act contemplated that the adver-

tisement must contain a statement calculated to practice fraud or deceit upon the public or upon the patients of the dentist, and that the advertisement of the appellant in this case does not violate the spirit of the Act, although, taking the clause in question by itself, and permitting the mere advertisement of the truth to be a ground upon which to revoke the license, such might be done; yet it is the spirit and intent of the Act, and not the letter of it, that should govern and I am therefore of the opinion that the judgment should be reversed.

Reversed.

MR. JUSTICE FRASER: I dissent. This is an appeal from a decree of Judge Townsend in certiorari proceedings to review the records and proceedings of the Board of Dental Examiners for this State in the matter of revocation of the license of Dr. J. E. Harris. Judge Townsend dismissed the petition.

The statute of this State (Acts 1915, p. 218) provides for the revocation of the license of a dentist who advertises "to practice dentistry without pain." The appellant does not deny that his advertisement read, "Take out teeth absolutely painless."

1. The first exception assigns error in holding that the advertisement was forbidden by the statute. It is claimed that taking out teeth is only one department of dentistry. The whole is forbidden and, of course, includes "taking out teeth," absolutely painlessly. Exception should be overruled.

2. The second assignment of error relates to a statement concerning one Dr. Smathers. His Honor held that the Smathers incident was insufficient, and, even if error, it cannot affect this case. This exception should be overruled.

3. The third exception attacks the constitutionality of the Act. It is not denied that the Legislature has the right to make rules for the conduct of those who practice law,

medicine, dentistry, etc.   The wisdom of the law is not for the Courts.   The Legislature has its committees whose duty it is to investigate these matters.   The Courts are not presumed to know the effect of those methods used to prevent the pain of taking out teeth.   It may be that the pain of taking out teeth may last for a minute, but the pain-destroying process may last for life.   This Court cannot assume that the Legislature acted arbitrarily.   Pain-destroying remedies frequently destroy life, as well as pain.   There are some things in this statute that are broad—it may be too broad and uncertain—but, unfortunately for the appellant, he violated that part that is neither broad nor uncertain.   This exception should not be sustained.

4.   The last exception is that the main grounds for the revocation of this license were for causes held insufficient by his Honor.   One good reason for revoking a license is enough.   It makes no difference how many insufficent reasons there are.   One good reason revokes the license.   This exception should be overruled.

I think the judgment should be affirmed.

MR. CHIEF JUSTICE GARY concurs.